**Kimble VINCENT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1965.

Hugh L. Hollingsworth, Russellville, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This is an appeal of a denial, after hearing, of an RCr 11.42 motion to vacate a judgment of conviction.

Kimble Vincent was indicted for the shotgun murder of his brother, pleaded guilty to the lesser offense of voluntary manslaughter after his counsel had effected an agreement with the Commonwealth's Attorney to accept the plea to the lesser offense, and was convicted and sentenced to ten years in the penitentiary. Either immediately before or immediately after the conviction another jury found Vincent to be insane, and the court suspended serving of the prison sentence until further orders of the court, and committed Vincent to the Western State Hospital for psychiatric treatment. It was not the first time Vincent had been committed to that institution for the antisocial consequences of his alcoholism. Upon his release from the hospital he now seeks to avoid serving his prison sentence upon the principal ground that he was legally insane at the time of his conviction.

The trial court concluded that Vincent had sense enough to understand what he was doing at the time of his plea of guilty, and we think the record supports that conclusion. In Commonwealth v. Strickland (1964), Ky., 375 S.W.2d 701, this Court declared in a kindred case:

"The terms 'insane,' 'unsound mind,' and 'mental illness' are too loose to serve as a reasonable test of whether a person is properly fit to plead or defend himself in a criminal proceeding. For this purpose, whatever may be the technical classification of his mental state, legally or medically, the test is whether he has substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense. Cf. 14 Am.Jur. 802 (Criminal Law, § 45). It is not necessary that this determination be made by a jury."

The judgment is affirmed.