**Carl DANIELS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 24, 1966.

L. H. Nicholls, Greenup, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, Jack Kibbey, Vanceburg, for appellee.

DAVIS, Commissioner.

Carl Daniels was convicted of maliciously shooting and wounding James Douglas, Jr., with intent to kill. KRS 435.170 (1). The jury's verdict fixed his punishment at two years' imprisonment. He asks reversal of the judgment of conviction and asserts that the verdict was flagrantly against the evidence, the trial court failed to properly admonish the jury at a recess of the court, and the jury was not guarded during the court recess.

Daniels was riding in his own car, driven by Brown Amos, when they came upon the stalled car of the victim, Douglas. Incident to the passing of the Douglas car by appellant's car some "gravels" were thrown against appellant's car from the spinning wheels of the Douglas car. Appellant remonstrated with Douglas (and other persons who had gathered and were attempting to help Douglas push his car from the ditch). Appellant had his son's .410-gauge shotgun in the car. After a few words were exchanged between appellant and some of those helping Douglas appellant went back to his car, obtained the gun, loaded it and shot Douglas.

As appellant tells it, Douglas was walking toward appellant with his hand in his

pocket. Appellant insists that his is a "perfect case of self defense." The difficulty with that position is that the victim and others at the scene positively stated that Douglas made no menacing gesture toward appellant. According to their version of the affair the shooting was utterly unprovoked. In this state of case the court properly submitted to the jury the issue of appellant's claimed self defense. It would have been entirely improper to direct a verdict of acquittal as appellant contends should have been done. It was incumbent on the appellant to convince the jury that his act of shooting was excusable. The contrariety in the evidence made the question one for the jury. Williams v. Commonwealth, 304 Ky. 359, 200 S.W.2d 926, 929; Barnett v. Commonwealth, Ky., 348 S.W.2d 834.

▪ When the noon hour of adjournment was reached, the trial judge made the following admonition to the jury incident to its conduct during the recess:

"Judge Sammons: Ladies and gentlemen of the jury, I am going to adjourn for lunch. This is the type of case wherein I could have you guarded, but I have the utmost confidence in every member of this jury and I am not going to have you guarded during the period of recess, but during the period of recess do not discuss this case among yourselves or with anyone else. If anyone attempts to discuss it with you, tell them you are jurors involved in the trial of this case, and then if they persist in discussing it or talking to you about it, report that to me. Get their name and report it to me as soon as possible. Please be back at 1:00 o'clock.

Mr. Nicholls: Let the record show I object to not guarding the jury."

It will be observed that the admonition omitted reference to the jury's duty not to form or express any opinion of the case until its final submission to them. RCr 9.70. All of the other matters referred to in the cited rule were embraced in the court's admonition to the jury. It is also significant that appellant's counsel interposed only one specific objection to the admonition, and that related to the court's "not guarding the jury." No doubt the trial judge would have amended the admonition to include the direction that the jury should not form or express an opinion until submission if appellant had so requested. In any event, in the circumstances at hand, we are unconvinced that the technical omission of the specific words had any prejudicial effect. Indeed it is not suggested by appellant that any of the jurors did form or express any opinion of the case prior to submission. The court directed the jury not to talk about the case, so that was an injunction against "expressing" any opinion anyway. The "forming" of an opinion, unexpressed, is a subjective matter which eludes nice delineation. We are persuaded that in the absence of any suggestion or showing of prejudice, the technical omission was harmless error. RCr 9.24; Schweinefuss v. Commonwealth, Ky., 395 S.W.2d 370, 374, 375, and cases there cited.

▪ Equally without merit is the contention that the jury should have been "guarded." RCr 9.66 reposes in the trial judge the discretionary right to permit the jury to separate in felony trials not involving possible death or life sentences. Unless there is a showing that there has been an abuse of such discretion or that jury tampering has occurred there is no error in permitting the separation of the jury in a case of this type. Cf. Smith v. Commonwealth, Ky., 366 S.W.2d 902.

The judgment is affirmed.