**Jerry OSBORNE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

Jerry Osborne, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

This is an appeal from an order of the Campbell Circuit Court entered on May 18, 1965, overruling without a hearing appellant's motion under RCr 11.42 to vacate three judgments entered on April 20, 1964. The sole ground for the motion was that "the trial (court) illegally tried and sentenced movant while he was still a (mental) patient of Eastern State Hospital" and "therefore, the judgment of the trial court is null and void."

The undisputed facts are that three successive indictments were returned by the grand jury of Campbell County on February 17, 1964, charging appellant respectively with: (1) Sodomy on a boy 11 years of age, (2) two counts of grand larceny, and (3) stealing from a public building. On Feb-

ruary 21, 1964, counsel was appointed for appellant and pleas of not guilty were entered to all three charges. On March 6, 1964, a petition was filed requesting the commitment of appellant to a mental hospital. This was followed by an order directing his placement in Eastern State Hospital for a "period of medical examination, observation and treatment not to exceed 35 days" from the date of the order. The hospital was asked to certify within 30 days to the trial court its findings of appellant's condition.

Appellant escaped almost immediately upon his commitment to the hospital. He was later reapprehended and returned to the custody of the Campbell Circuit Court. It is not shown that a formal discharge or medical report was ever issued by the hospital.

On April 20, 1965, appellant appeared in circuit court with his previously appointed counsel, withdrew his pleas of not guilty and entered pleas of guilty to the charges. He received concurrent sentences of three, three, and five years under the three respective indictments. A transcript of the proceedings on the guilty pleas was filed with us and it contains, among other things, this significant statement made by counsel for appellant:

" * * * He understands the situation. I explained to him that he was not to plead guilty to any charge for the sake of cooperating with this court. He has no opportunity to go back to Eastern State, at least I know of no way he can do that. We went over and had several meetings with the Commonwealth's Attorney, and I believe this man understands the nature of the charges against him, and he has indicated to me that he would like to enter a plea of guilty to the charges before the court."

The Commonwealth's Attorney advised the trial court he had no objection to the changing of the pleas and recommended the concurrent sentences referred to above. On being questioned by the trial judge both appellant and his counsel said they knew of no reason why appellant should not be sentenced.

There is nothing in the record of this case which tends to show that appellant was lacking in mental capacity at the time of his guilty pleas and his sentencing under them. The statement of his counsel on that occasion negates any such belief. The sole contention set forth as the reason for sustaining his motion is that the circuit court, having committed him to Eastern State Hospital for a 35-day period of examination, observation and treatment, deprived itself of jurisdiction to pronounce judgment of sentence upon his guilty pleas when he appeared before it subsequent to his escape from the hospital.

The test of whether a person is mentally fit to defend himself in a criminal proceeding is "whether he has substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense." See Commonwealth v. Strickland, Ky., 375 S.W.2d 701, 703. This court is willing to reverse a denial of a motion to vacate, when the issue is raised on appeal, if there are circumstances which indicate insanity at the time of trial. See Barnes v. Commonwealth, Ky., 397 S.W.2d 44.

Appellant presented no such issue at any time during his trial. We are unaware of any authority or basis for the proposition that the trial court lost jurisdiction over appellant upon his commitment to the hospital. He remained at all times subject to the orders of that court, and, on his return to it after his escape, he was legally in no different position than before the original order of commitment to the hospital was entered. The mere commitment is neither evidence of mental incapacity nor a sufficient reason for further investigation into the matter. See Hopper v. Commonwealth, Ky., 371 S.W.2d 646.

Wherefore, the judgment is affirmed.