**Paul REVEL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1969.

Rehearing Denied June 6, 1969.

Ray C. Lewis, London, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of malicious shooting and wounding with intent to kill and sentenced to 10 years in prison. On this appeal he contends he was entitled to a directed verdict of not guilty and that incompetent evidence was introduced against him.

On the night of the occurrence appellant was at the home of the wife of the prosecuting witness. The shooting took place about 10:00 o'clock in the evening. The prosecuting witness was separated from his wife and a divorce suit was pending. On the night in question, he came to the house in which his wife was living (it was rented) and attempted to gain entrance. His wife would not let him in the front door and he went around to the back door to which he had a key. While there he heard a bedroom window open. He thereupon picked up a Little-League baseball bat and approached the window. He intended to hit anyone who came out. When he had

his hands on the sill appellant shot him. He testified he never saw appellant.

Appellant's version of the occurrence was that he was trying to get away, but he had picked up a 22-caliber loaded pistol in another room. He claims that the prosecuting witness was trying to hit him with the ball bat when he fired the shot which wounded the former. He now contends that the firing of the shot was in self-defense as a matter of law. He says the evidence was as consistent with innocence as with guilt and therefore he was entitled to a directed verdict, citing Ray v. Commonwealth, Ky., 284 S.W.2d 76.

Appellant was threatened with an attack, although the prosecuting witness said he did not see the appellant. Since appellant admitted the shooting, the basic question in the case was whether the firing of the pistol was reasonably necessary in his self-defense. Obviously there were other avenues open to appellant to avoid or protect himself from confrontation wth the prosecuting witness. In Daniels v. Commonwealth, Ky., 404 S.W.2d 446, 447, it was said:

"It was incumbent on the appellant to convince the jury that his act of shooting was excusable. The contrariety in the evidence made the question one for the jury."

■ We do not think the evidence convincingly established that the shooting was necessary in appellant's self-defense, as was held in Martin v. Commonwealth, Ky., 406 S.W.2d 843. Consequently appellant was not entitled to a directed verdict in his favor.

■■ With respect to incompetent evidence, appellant contends that it was improper for the Commonwealth to show what financial arrangements the prosecuting witness had with his wife. Assuming this evidence was immaterial, it could not have been prejudicial because it had nothing to do with the issue of guilt or innocence. It is also contended that it was improper for the Commonwealth to inquire

concerning what the wife told the police officers after the shooting. Two objections to this testimony were sustained and one was overruled. Similar to the testimony above discussed, what the wife said had nothing to do with appellant's guilt or innocence and could not have been prejudicial.

The judgment is affirmed.

All concur.