**Farris MULLINS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 22, 1970.

Farris Mullins, pro se.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment overruling, without an evidentiary hearing, appellant's motion made pursuant to RCr 11.42 to vacate the judgment sentencing him to prison to serve, concurrently, two life terms. We are affirming the judgment because appellant's grounds to vacate his conviction are utterly without merit.

Appellant shot and killed Zaid Mullins and Tivis Johnson. He was indicted for these murders. Upon his court arraignment his counsel moved for his commitment to a state mental hospital for examination and treatment. This motion was sustained. Subsequently, appellant was found to be mentally ill and unable to stand trial at that time. Several years later he was discharged from the hospital and the physicians who had treated him were of the opinion that appellant had the mental capacity to stand trial. At his trial a jury found him guilty and fixed his punishment at imprisonment for life in the state penitentiary on each of the two counts.

Appellant moved for a new trial alleging numerous grounds of error. The trial court, after conducting a hearing on this motion, overruled it. However, the trial court then informed appellant of his right to prosecute an appeal and further informed him that the court would appoint counsel to assist him in taking the appeal and would supply him a transcript of the record of the trial. Appellant stated he did not desire to take an appeal. The foregoing history of this case is reflected by circuit court records.

On the instant appeal appellant contends that the judgment of conviction is void since he was of unsound mind at the time he committed the crimes. This allegation is insufficient to serve as a ground for relief via RCr 11.42 because it constitutes a plea that was properly presentable at his original trial as a defense to the crimes. See Osborne v. Commonwealth, Ky., 407 S.W.2d 406. We hold that his allegation of insanity at the time of the commission of the crimes is insufficient on its face to warrant a court hearing. King v. Commonwealth, Ky., 387 S.W.2d 582.

It is next contended that appellant was deprived of a speedy trial. This contention is without merit because the record affirmatively reveals that appellant's original trial was postponed because appellant claimed he was mentally ill. His motion to postpone his trial was sustained and he was placed in a mental institution for treatment. It was appellant's lack of mental capacity to stand trial that necessitated the trial's being continued until his mental capacity was restored.

It is next contended that appellant's conviction is void because there was no expert testimony that he was sane at the time he committed the crimes. The presumption was that appellant was sane at the time he committed the crimes. To rebut this presumption he was required to show that he was not sane at the time he committed the crimes. However, as we have previously pointed out this ground is not a basis for relief under RCr 11.42.

Appellant further contends that his constitutional rights were violated by the trial court's failure to grant him a sanity inquest prior to his being placed upon trial. The obvious answer to this contention is that there was no need for an inquest because appellant had been certified by medi-

cal experts as being mentally competent to stand trial. See Commonwealth v. Strickland, Ky., 375 S.W.2d 701 and Vincent v. Commonwealth, Ky., 394 S.W.2d 929.

 Appellant's final contention is that his appointed counsel afforded him inadequate representation at his original trial. No supporting facts are given. It is well established in this jurisdiction that such an allegation, standing alone, will not suffice to grant relief. Furthermore, it appears from the record that appellant's attorneys adequately represented him. This allegation for relief has no basis in fact and therefore it is dismissed. Ringo v. Commonwealth, Ky., 391 S.W.2d 392.

We conclude that appellant's grounds to vacate the judgment did not merit an evidentiary hearing and that the trial court properly overruled the motion to vacate the judgment of conviction.

The judgment is affirmed.

All concur except NEIKIRK, J., not sitting.