**Neville Parker MATTHEWS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 11, 1971.

Matthew B. Quinn, Jr., Kenny Grantz, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from an order overruling a motion to vacate judgment under RCr 11.42. The appellant claims that at the time of his trial he did not have sufficient mental capacity to comprehend the nature of the proceedings against him or to rationally participate in his defense.

In February 1966, the appellant entered a plea of guilty to two indictments for armed robbery. At the time he was represented by counsel. He was sentenced to life imprisonment on each indictment, the sentences to run concurrently.

In 1951 appellant had been adjudicated a person of unsound mind and committed to Central State Hospital, remaining there until 1954. After his release no restora-

tion proceedings were undertaken. At the hearing on his motion to vacate judgment, he testified that subsequent to his release from Central State Hospital in 1954, he was recommitted on several occasions but no record of such commitments was introduced.

At the time of his trial, the appellant made no motion for a mental examination and it was not shown that any condition existed at that time which should have placed the trial judge on notice of his alleged incompetency.

■ It is the appellant's position that the trial judge should have taken judicial notice of his mental incapacity by reason of the adjudication of incompetency in the same court in 1951. Appellant further contends that, in any event, it was error to bring him to trial without having first determined his mental capacity to understand the nature of the proceedings against him and to rationally participate in his defense.

We reject this thesis. RCr 8.06 provides:

"If upon arraignment or during the proceedings there are reasonable grounds to believe that the defendant is insane, the proceedings shall be postponed and the issue of sanity determined as provided by law. * * *."

A hearing for the purpose of determining the mental capacity of a defendant is required under this rule only in a situation where there are reasonable grounds to believe that the defendant is insane. The reasonable grounds for such belief must be called to the attention of the trial court by the defendant or must be so obvious that the trial court cannot fail to be aware of them. The question of capacity to stand trial was not called to the trial court's attention and no proof was offered which indicated that the trial court should have been aware of the alleged mental incapacity. In these circumstances it was not er-

ror for the trial court to fail to conduct a sanity hearing.

Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), relied upon by appellant, does not hold otherwise.

In Commonwealth v. Strickland, Ky., 375 S.W.2d 701 (1964) we said:

"The terms 'insane,' 'unsound mind,' and 'mental illness' are too loose to serve as a reasonable test of whether a person is properly fit to plead or defend himself in· a criminal proceeding. For this purpose, whatever may be the technical classification of his mental state, legally or medically, the test is whether he has substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense. Cf. 14 Am.Jur. 802 (Criminal Law, § 45). It is not necessary that this determination be made by a jury."

In Strickland and in Wagner v. Commonwealth, Ky., 379 S.W.2d 731 (1964) we held that a previous adjudication of incompetency was not of itself sufficient evidence of mental incapacity to warrant a vacation of a judgment of conviction.

■ When the circumstances do not require a determination of sanity under RCr 8.06 and the question of competency to stand trial arises after the trial, a defendant is entitled, at most, to a hearing in which he has an opportunity to establish that at the time of trial he lacked mental capacity to understand the nature of the proceedings against him or to rationally participate in his defense. The burden rests with the defendant. The appellant was granted such an evidentiary hearing on his motion to vacate. He did not offer any evidence of mental incapacity as of the time of his trial. He chose to rely upon the fact that some fifteen years prior to the trial, he was adjudicated incompetent and was nev-

er judicially restored. This was not sufficient to require a vacation of the judgment and the trial court properly overruled the motion to vacate.

The judgment is affirmed.

All concur.