**Dewey HARTSOCK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1974.

Dewey W. Hartsock, pro se.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from an order denying, without an evidentiary hearing, appellant's motion to vacate judgment pursuant to RCr 11.42.

Appellant entered a plea of guilty to the offense of rape of a female over twelve years of age. KRS 435.090. He was sentenced to confinement for ten years and the sentence was probated. Thereafter the probation was revoked and appellant was imprisoned. He then moved that the judgment be vacated upon the ground that his plea of guilty was not voluntary.

The transcript of the record contains the following entry relating to the plea of guilty:

"This day, the defendant was brought into this court by the Sheriff. Comes his attorney, Mr. J. Daniel Davis. The defendant, in person and by counsel, withdrew his former plea of not guilty and now pleads that he is guilty of the crime as charged in the indictment herein. By consent, the law and facts of this

case were presented to the Court without the intervention of a jury. The court being advised, on the recommendation of the Commonwealth's Attorney, and agreed to by the defendant in person and by counsel, finds the defendant guilty as per his plea and fixes his punishment at confinement in the penitentiary for a term of ten years. Comes the defendant, in person and by counsel, and moves the court to withhold the rendition of the judgment herein. The Court being advised, and there being no objection on the part of the Commonwealth, sustains said motion on the condition that the defendant remain on his good behavior and refrain from trouble of any kind for a period of five years after serving his sentence in Count 2 of the indictment # 132856. Ordered that the defendant be and is remanded to jail."

Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), held that one who enters a plea of guilty waives three basic constitutional rights, viz., (1) the privilege against compulsory self-incrimination (2) the right to trial by jury and (3) the right to confront one's accusers. *Boykin* held that the record of the trial must affirmatively show that the waiver of those rights was voluntary and that the prisoner understood what he was waiving. It was held that waiver could not be presumed from a silent record.

*Boykin* places a duty upon the trial judge, before accepting a plea of guilty, to canvass the matter with the accused to make sure that the accused has a full understanding of what the plea connotes and of its consequences and states that when the trial judge discharges that function he leaves a record adequate for any review and forestalls the spinoff of collateral proceedings that seek to probe murky memories.

RCr 8.08 requires a trial judge, before acceptance of a plea of guilty, to determine that the plea is voluntary.

In *Boykin* a new trial was granted because the record as to the voluntariness of the plea was silent and a post-trial investigation of its voluntariness would necessitate a probe of murky memories. In this case the memories to be probed are not of the murky past but of a fairly recent origin. In addition the record is not altogether silent on the question of voluntariness because it shows that as a result of the plea of guilty the appellant received the minimum sentence allowed by law which contrasts with the death penalty which was imposed in *Boykin*. Further even the minimum sentence was probated without objection by the Commonwealth. The appellant accepted the benefits of the probated sentence and remained at liberty until his subsequent arrest upon another charge.

These matters, while not conclusive, are indicative of plea bargaining and are some evidence that appellant understood what was going on. Under these circumstances we do not feel that the record is entirely silent as to the voluntariness of the guilty plea. For this reason we remand the case to the trial court rather than grant a new trial. The trial court is directed to conduct an evidentiary hearing on the question of *whether the guilty plea* was made voluntarily and understandingly and based upon its findings to either deny the motion to vacate or grant a new trial.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

All concur.