**Vesta VIA, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1975.

As Modified on Denial of Rehearing
June 6, 1975.

Anthony M. Wilhoit, Public Defender, Joe A. Jarrell, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

On February 22, 1974, Vesta Via shot and killed her husband. On June 19, 1974, she was tried on a murder indictment and was convicted of voluntary manslaughter. Judgment was entered the next day, sentencing her to a term of five years' imprisonment, pursuant to the verdict of conviction. Appealing from that judgment, Vesta's primary contention is that she was denied due process of law by reason of the trial court's failure to conduct an evidentiary hearing as to whether she was mentally competent *to stand trial.*

The record discloses the following with respect to the question of Vesta's mental competence to stand trial:

1. An order of March 25, 1974, continuing the case "for arraignment," on

motion of the Commonwealth, "as defendant is presently in Eastern State Hospital as a mental patient," the continuance to be "until such time as defendant is released by the doctors at Eastern State Hospital."

2. An order of April 18, 1974, reciting that the court had been "informed the staff of Eastern State Hospital is ready to release said defendant as competent," and directing the sheriff to receive the defendant from the hospital and place her in jail.

3. An order of May 16, 1974 (approximately one month before the trial), based on "motion of counsel for defendant orally made in open court," directing that the "defendant be committed to the Central State Hospital in Louisville for a period of 20 days for the purpose of examination of her competency to stand trial and for treatment."

4. Testimony on the trial, by a psychiatrist, that on February 25, 1974 (three days after the homicide was committed), he was called by the county at-attorney to come to the courthouse, where Vesta was behaving in a bizarre and agressive manner; he found her to be suffering at that time from an acute psychotic reaction, possibly schizophrenia, and in the need of active psychiatric treatment; she was extremely agitated; she thought the psychiatrist "was one of the group who had been trying to kill her," and she said he "would attempt to stab her in the back;" she was not in present reality; he was informed that she had been hospitalized for mental treatment on four previous occasions. The "judge" (unidentified) was present when the psychiatrist came to his office and observed Vesta's conduct and condition.

It will be observed that all of the matter shown by the record points toward Vesta's lack of mental capacity, except for the sin-gle recitation in the order of April 18 that the court had been "informed the staff of Eastern State Hospital is ready to release said defendant as competent." That recitation does not indicate the source of the information or the extent of competency found to exist. Furthermore, that order was followed one month later by another order committing Vesta to Central State Hospital for further examination with express reference to her competency to stand trial.

RCr 8.06 provides:

"If upon arraignment or during the proceedings there are reasonable grounds to believe the defendant is insane, the proceedings shall be postponed and the issue of sanity determined as provided by law. * * *"

This court had held that if there are reasonable grounds to believe the defendant is insane, a *hearing* is required under this rule. Matthews v. Commonwealth, Ky., 468 S.W.2d 313; Commonwealth v. Strickland, Ky., 375 S.W.2d 701.[1] And the Supreme Court of the United States has indicated that the hearing must be an evidentiary one conforming with due process requirements. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (decided February 19, 1975). The Supreme Court cases speak in terms of a hearing's being required when there is sufficient doubt of the defendant's competency as to require further inquiry, which does not differ materially from our requirement based on the existence of reasonable grounds to believe the defendant is insane.

In *Matthews,* supra, we said that the reasonable grounds must be called to the attention of the trial court by the defendant or must be so obvious that the trial court cannot fail to be aware of them, in which latter case a *motion* for a hearing

---

1. It was held in *Strickland* that a jury inquest is not required for this determination.

on mental capacity is not required. In *Pate,* the Supreme Court similarly held that if the facts known to the trial court raise a substantial doubt of the defendant's mental capacity, the failure of the defendant to move for a hearing will not constitute a waiver of the constitutional right to a hearing.

From the record in the instant case we think the existence of reasonable grounds to believe Vesta was not mentally competent to stand trial had to be obvious to the trial court, which fact required that an evidentiary hearing be held. If there were facts in existence tending to establish Vesta's mental competency they are not in the record, and even if they were in the record the rule would seem to be, under *Pate* and *Drope,* that the fact that they might warrant a *finding* of mental capacity would not eliminate the necessity of a *hearing.*

It is our conclusion that the trial court erred in not holding an evidentiary hearing on the question of Vesta's mental capacity to stand trial. The error, under *Pate* and *Drope,* requires that a new trial be granted. Whether a hearing will be required to determine Vesta's mental capacity to stand a new trial will depend upon whether reasonable grounds are shown to continue to exist for belief of her lack of such mental capacity.

It is true that in Mullins v. Commonwealth, Ky., 454 S.W.2d 689, Matthews v. Commonwealth, Ky., 468 S.W.2d 313, and Dye v. Commonwealth, Ky., 477 S.W.2d 805, this court found no error in the denial of a hearing with respect to the defendant's mental capacity to stand trial, but in those cases there either was no evidence in the record of lack of the required capacity, or the evidence of the existence of the capacity was so strong as not to leave a reasonable doubt of the capacity.

The appellant raises another ground of error which it is not necessary for us to consider because the circumstances will not reoccur on another trial.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.