**Johnny DELAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

Rehearing Denied Sept. 23, 1977.

Discretionary Review Denied Feb. 13, 1978.

Jack Emory Farley, Public Defender, Kevin McNally, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

Before HOGGE, LESTER and WHITE, JJ.

LESTER, Judge.

This appeal arises out of appellant's indictments for burglary in the third degree and theft by unlawful taking of a value in excess of one hundred dollars which resulted in convictions and a two year sentence.

Six assignments of error are argued by the defendant below, some of which can be disposed of summarily.

■ Subsequent to the selection of the jury but prior to their being sworn, the trial judge recessed the proceedings without rendering the usual admonition required by RCr 9.70 but there is no suggestion or showing of prejudice to appellant so this technical omission was harmless error. RCr 9.24; *Daniels v. Commonwealth*, Ky., 404 S.W.2d 446, 447 (1966).

■ The Commonwealth elicited upon direct examination of a deputy sheriff the comments made to that officer by several people which implicated the defendant and this is urged upon us as grounds for reversal. Objection was sustained and the jury admonished concerning the deputy's relating what one Bobby Rogers said while the other individuals did appear to testify and were cross-examined. Where there is no objection made to testimony which may be erroneous, then it is not the proper subject for appellate review, *Patrick v. Commonwealth*, Ky., 436 S.W.2d 69 (1968). Moreover, we do not believe the officer's evidence was prejudicial since the witnesses related essentially the same stories on the stand and were subject to cross-examination, *Barnes v. Commonwealth*, Ky., 459 S.W.2d 607 (1970). Any slight deviations between the deputy sheriff's version and those of the witnesses were favorable to the defendant.

■ We reject the almost thirteen pages of appellant's several briefs devoted to a critical analysis of trial defense counsel's ineffectiveness because in the first place, we do not find him to be inept and secondly, as we have so often stated before, unless the appellant makes known to the trial court his complaint of ineffective legal assistance, either during the proceedings below or as a ground for a motion for a new trial, then that argument is not preserved for appellate review. RCr 9.22. The Supreme Court enunciated this principle in *Foster v. Commonwealth*, Ky., 507 S.W.2d 443, 445 (1974) and this court did likewise in *Jennings v. Commonwealth*, Ky.App. (1977).

The most difficult issue presented for our determination is the question of whether Delay should have been granted a hearing to determine his competency to stand trial. On September 25, 1975, an order was entered upon the arraignment designating the Hon. H. K. Spear as "court appointed legal counsel for arraignment only." Moreover, the printed form of order also contained the following hand written entry: "The defend-

ant Johnny Delay stated that he had been in hospital while in service for a head injury. That his memory was impaired." After the Commonwealth had rested, the defendant took the stand and attempted to introduce testimony as to a head injury and the resultant condition, namely, amnesia and blackouts as well as medical reports in support thereof. The prosecution objected upon the basis that the written notice of the defense of insanity required by KRS 504.050 had not been served which objection was sustained. The oral and documentary evidence appears in the record by way of avowal. The diagnosis of Delay's condition as of November 4, 1974, was "Demintia (sic), depression, organic psychosis, chronic recurrent headaches and syncopy (sic) secondary to skull fracture and concussion" which amounted to alleged amnesia and blackouts. We note that the trial was held in 1976. Appellant argues that in spite of the fact that no motion was made, the court should have conducted a separate hearing to determine defendant's competency to stand trial as soon as it became aware that he might be unable to do so as is provided in RCr 8.06. Appellant makes no effort to employ insanity as a defense and therefore, contends that KRS 504.050 is not involved. On the other hand, the defendant below takes the position that he is entitled to the procedures provided for in the rule.

▮▮▮ *Via v. Commonwealth,* Ky., 522 S.W.2d 848 (1975) instructs that if facts known to the trial court raise a substantial doubt of the defendant's mental capacity, RCr 8.06 demands that the proceeding be postponed until a hearing be held to determine whether the defendant comprehends the nature and consequences of the proceedings against him and can participate rationally in his defense. Under these circumstances, failure to move for a hearing does not constitute a waiver. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Although the appellant apprised the trial court that he had spells of amnesia as a result of a head injury in 1974, this, by itself, would not be sufficient to raise a substantial doubt of the appellant's competency to stand trial in 1976. In our opinion, it would be improvident to extend *Via, supra,* to the case at bar. In *Via,* the defendant had little contact with present reality. She thought a group which included her psychiatrist conspired to kill her. Of course, this information provided the trial court with reasonable grounds to believe the defendant lacked the necessary mental capacity for trial and its failure to hold an evidentiary hearing on this question denied the defendant due process of law. Nothing we have seen here amounts to reasonable grounds to believe the appellant incapable of understanding the nature and the consequences of the charges against him and participating rationally in his defense.

The judgment is affirmed.

All concur.