Charles SCOTT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Aug. 26, 1977.

Jack Emory Farley, Public Defender, Kevin M. McNally, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., William H. Mohr, Asst. Atty. Gen., Com. of Kentucky, Frankfort, for appellee.

Before HOGGE, PARK and WINTERSHEIMER, JJ.

HOGGE, Judge.

This is an appeal from an order of the Cumberland Circuit Court denying, without an evidentiary hearing, an RCr 11.42 motion to vacate a judgment of conviction for rape.

On March 20, 1975 appellant was arrested on a charge of first degree rape; on March 25, 1975 he was indicted and on April 1, 1975 the trial court accepted his plea of guilty to the charge, and sentenced him to twenty years confinement. On March 26, 1976 appellant filed his RCr 11.42 motion to set aside that judgment of conviction, and the court on July 23, 1976 entered an order denying the motion which is here on appeal.

Appellant, in this appeal, urges that the judgment of conviction be set aside for the following reasons: 1) the guilty plea was

not made knowingly and voluntarily, and there was no record of a guilty plea proceeding; 2) failure to conduct a competency hearing when there was reasonable doubt as to appellant's competency to enter a plea of guilty; 3) denial of effective assistance of counsel; and 4) failure of court to follow mandatory sentencing procedure of KRS 532.050 and KRS 533.010.

This record contains the judgment complained of and is as follows:

## JUDGMENT

This cause coming for trial and the defendant being personally present in Court and being represented by counsel appointed by the Court, the Hon. Harlan E. Judd and the Hon. John Sam Cary, and defendant after having been advised by his counsel, appeared in open Court and entered a plea of guilty and a jury having been waived by the defendant expressing no valid reason why judgment should not be pronounced against him, and the Court being sufficiently advised in the premises, it is the judgment of the Court that the defendant Charles Scott, be and is hereby adjudged guilty of Rape in the first degree (as charged in Indictment No. 1033) and is sentenced to Confinement in the state reformatory for a period of twenty (20) years and upon the recommendation of the Commonwealth and the County attorney and the prosecuting witness, it is recommended by the court to the Bureau of Correction Department of Probation and Parole that the defendant immediately upon confinement, be given a brain scan and complete psychiatric evaluation, and such treatment as such evaluation may indicate.

Although the defendant did not ask for probation, the Court is of the opinion that probation should not be granted in this case in as much as the defendant appears to have criminal tendency.

Given under my hand as Judge of the Cumberland Circuit Court, this the 1st day of April 1975. signed Jas. C. Carter Jr., Judge.

RCr 8.08 requires a trial judge, before acceptance of a plea of guilty, to determine that the plea is voluntary.

In addition, *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) placed more stringent requirements on a trial court before accepting a plea of guilty. In *Hartsock v. Commonwealth*, Ky., 505 S.W.2d 172 (1974) the court in discussing *Boykin* said:

*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), held that one who enters a plea of guilty waives three basic constitutional rights, viz., (1) the privilege against compulsory self-incrimination (2) the right to trial by jury and (3) the right to confront one's accusers. *Boykin* held that the record of the trial [court] must affirmatively show that the waiver of those rights was voluntary and that the prisoner understood what he was waiving. It was held that waiver could not be presumed from a silent record.

*Boyin* places a duty upon the trial judge, before accepting a plea of guilty, to canvass the matter with the accused to make sure that the accused has a full understanding of what the plea connotes and of its consequences and states that when the trial judge discharges that function he leaves a record adequate for any review and forestalls the spinoff of collateral proceedings that seek to probe murky memories. *Id.* at 173.

In this case, there is little indication in the judgment that the trial court complied with either RCr 8.08 or *Boykin*. Without a hearing on the RCr 11.42 motion the trial court attempted, by order, to cure this defect, by relating, apparently from his own memory, what took place. In that order the following appears:

As to Paragraph 4 of Movant's Motion, in which it is alleged that the plea of guilty must be voided in that it was accepted by the trial court without any affirmative showing that it was voluntarily and intelligently made, is without merit. Not only did the Court inquire as to the voluntariness of his plea, and advised him of the penalty that might be imposed, his able attorneys advised him

privately concerning same, and in the presence of the Court, advised him of the effect of his plea of guilty, and the possible sentence that might be imposed.

This recitation of what took place in connection with this plea of guilty, if it recites all that transpired, still falls short of meeting the requirements of *Boykin.* The record contains no other enlightenment on this subject, except the statement in the judgment that "defendant after having been advised by counsel"—advised of what?

There is no showing that the trial court, before accepting the plea of guilty, canvassed the matter with the appellant to make sure he had a full understanding of what the plea connoted and its consequences. Not only did the trial court initially fail to make an affirmative record to show a valid waiver of his constitutional rights on his plea of guilty, the trial court's attempt to correct that record in its order denying relief on the RCr 11.42 motion also failed to show a valid waiver.

It is further urged by the appellant that the trial court further erred by not complying with RCr 8.06 which requires a postponement of the proceedings, and a determination of the issue of insanity as provided by law, when there are reasonable grounds to believe that a defendant is insane, and by not following the mandate of *Via v. Commonwealth,* Ky., 522 S.W.2d 848 (1975). It is required that an evidentiary hearing be held to determine competency to stand trial when the trial court has reasonable grounds to believe that the defendant is not mentally competent to stand trial.

It is true as pointed out by the appellee, that there is no record of what facts were known to the trial judge that would give him reasonable grounds to believe appellant was not mentally competent to stand trial. However, in its judgment the trial court said:

. . . and upon the recommendation of the Commonwealth and the County Attorney and the prosecuting witness, it is recommended by the court to the Bureau of Corrections Department of Probation and Parole that the defendant immediately upon confinement, be given a brain scan and complete psychiatric evaluation, and such treatment as such evaluation may indicate. [T.R., p. 4]

From this statement, it is obvious the trial court was aware of some facts that led him to conclude that the appellant was in need of psychiatric evaluation and treatment. By making this recommendation, the court revealed that he had grounds to feel further inquiry was required.

Appellant also alleges ineffective assistance of counsel. Based on the foregoing deficiencies in the proceedings, appellee, again, concedes there should also be a hearing on whether he did, in fact, have effective assistance of counsel.

There is no doubt that the appellant was accorded his constitutionally guaranteed right to a speedy trial. He was arrested, indicted, convicted, and sentenced to twenty (20) years confinement, within eleven days of the date of the alleged crime. However, there are serious questions as to whether he was accorded the same protection of his other constitutional rights. The appellee concedes that he is entitled to an evidentiary hearing on all of these very serious questions: 1) voluntariness of the entry of plea of guilty; 2) whether the trial court was aware of sufficient facts to necessitate a hearing on appellant's competence to stand trial; 3) whether appointed counsel rendered effective assistance. It further concedes that appellant was entitled to an evidentiary hearing on his RCr 11.42 motion which was denied.

The question is now posed as to whether the suggested remedy of hearings will adequately cure the admitted defects. Ordinarily it would. Although *Boykin* reversed the Alabama trial court and permitted the defendant to plead anew, in *Roddy v. Black,* 516 F.2d 1380, 1384 (6th Cir. 1975) the Court of Appeals said:

If the discussion between defendant and trial judge at the time of a plea's acceptance leaves doubt as to whether a plea was in fact voluntary and intelligent, however, a defendant is not automatically

entitled to a reversal of his conviction. Rather, in that circumstance if a defendant argues in a post-conviction proceeding that his plea was entered without his consent or without an understanding of the plea's nature and consequences, *Boykin* places a burden on the State to prove the contrary. A habeas court may not "presume a waiver of [a defendant's] federal rights from a silent record."

In *Caldwell v. Commonwealth*, Ky., 503 S.W.2d 485 (1972), the court on its own motion ordered a remand for hearing to determine whether the plea of guilty was voluntary and whether the requirements of *Boykin* had been met. A hearing revealed that *Boykin* requirements had been met and the trial order constituted a contemporaneous record of it having been done.

A remand for hearing was directed in *Hartsock, supra.* This case differs from *Hartsock* in that the appellant here received the maximum sentence and is incarcerated, whereas, in *Hartsock* he received the minimum and was probated, which the court said was indication that the record was not altogether silent on voluntariness.

■ Here the record shows that the trial court failed to meet the *Boykin* requirements on a plea of guilty, both as to valid waiver of rights and affirmative record of that waiver. The record also indicates that the trial court did not comply with RCr 8.06 and the mandated procedures of *Via.* Appellant's other assignments of error are also very compelling. Considering all these factors, we do not feel that a remand for hearings would meet the ends of justice.

In *Stone v. Commonwealth*, Ky., 456 S.W.2d 43 (1970), the court said:

However, we said in *Davis v. Commonwealth*, 290 Ky. 745, 162 S.W.2d 778 (1942), that "An appellate court ought to be sensitive to the realities, and if it believes there may have been a miscarriage of justice it should use its extraordinary power and reverse a judgment that there may be a fuller development of the facts so that the guilty of the accused, if he is guilty, may be more certainly determined." RCr 9.26 states that "A conviction shall be set aside on motion in the trial court, or the judgment reversed on appeal, for any error or defect when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant may have been prejudiced."

In absence of any evidence in the record, it can still be determined from the voids in the record that there has been an apparent miscarriage of justice in this case and substantial rights of appellant have been prejudiced. This appellant should be given the right to plead anew. This will allow for a full development of the facts so that the guilt of the accused may be more certainly determined.

Accordingly, the order denying the RCr 11.42 motion is reversed, and this case is remanded to the trial court with directions that it enter an order granting the motion to set aside or vacate the judgment of conviction and grant the appellant a new trial.

All concur.