Dale Lee OWENS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Dec. 9, 1977.

Rehearing Denied Nov. 21, 1978.

Jack Emory Farley, Public Defender, M. Gail Robinson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., David M. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Dale Lee Owens was indicted and tried on three counts of first-degree rape, KRS 510.040, and four counts of first-degree burglary, KRS 511.020. On the trial of the case, a jury found him guilty on three counts of first-degree rape and fixed his punishment at twenty years in the penitentiary on each count. Additionally, the jury convicted on three of the four counts of first-degree burglary and fixed his punishment at fifteen years' confinement on each count. The trial court sentenced Owens in accordance with the jury verdict, directing that the sentences be served consecutively.

The first victim testified that on May 11, 1976, in the early morning, a man entered her apartment, threatened her with a gun and raped her. Afterwards he offered the gun to the victim and told her to shoot him. The victim could not identify Owens but testified that he had been in the bathroom. The police found Owens' fingerprints on the basin in the bathroom.

The second victim testified that on August 20, 1976, she was awakened in her apartment by a man in her bed. The man

threatened her with a knife and raped her. She could not positively identify Owens as the man, but gave a general description which fitted Owens. Owens' palm print was found on the basin in the victim's bathroom.

The third victim testified that a man entered her apartment in the early morning of August 24, 1976, held a screwdriver to her throat and raped her. He then asked her if she would "freak out" if he committed suicide. After this, he fell asleep. The victim called the police who found Owens in the victim's bed and placed him under arrest. The door to the apartment was broken off its hinges.

Owens' wife testified to an alibi for the second incident, that on the night of August 19–20 he was at home watching television. Owens testified that the third victim invited him to her apartment and that he fell asleep and knew nothing until the police arrived. He denied any contact with the other two victims at the time of those incidents.

Prior to trial, Owens' lawyer filed an affidavit in support of a motion for psychiatric examination to determine if Owens was competent to stand trial.

The affidavit stated that the lawyer was unable to impress on Owens the seriousness of the charges against him, that in his opinion Owens had no comprehension of the seriousness of the nature of the charges, and that Owens hallucinated and was unable to afford his lawyer any effective aid in the preparation of his defense. The trial court ordered the examination.

Owens' first assignment of error is he was unfairly prejudiced by the refusal of the trial court to grant a severance and order three separate trials. RCr 9.16.

■ The trial court determined prior to trial that the offenses charged were of the same or similar character and declined to grant a severance. We are of the opinion the trial court did not abuse discretion in this ruling. The acts referred to in the charge on which Owens was tried were the same in character—forcible entry, followed

by forcible rape. All three incidents occurred in the early morning hours and within a relatively short span of time from May 11 to August 24. Coincidentally or otherwise, all three victims had the same first name. We are of the opinion that it was not error for the trial court to refuse a motion for severance. *Rigsby v. Commonwealth*, Ky., 495 S.W.2d 795 (1973).

■ Owens argues that he was confounded in his defense for the reason he wished to testify as to one charge, but not the others. As observed by the trial court, in this set of circumstances on a trial of one of the charges, testimony of the other charges would be admissible to show a pattern of conduct. This argument in the absence of other compelling factors ordinarily is not sufficient to warrant a severance. Otherwise, it would have the effect of nullifying the provisions of RCr 9.12, consolidation of offenses for trial. RCr 9.16 requires a defendant who desires a severance of charges to make a showing of unfair prejudice. We see no unfair prejudice here in the joinder of offenses.

Owens' reliance on *Romans v. Commonwealth*, Ky., 547 S.W.2d 128 (1977), is misplaced. The unusual circumstances present in *Romans* are not present here, and we do not regard *Romans* as applicable to the circumstances of this case.

The second issue argued by Owens is that the trial court should have on its own motion conducted a hearing to determine Owens' competency to stand trial.

The results of the psychiatric examination are not in the record. However, Owens was returned from the examination and his lawyer did not raise any further question regarding Owens' competency. There was no motion for a competency hearing. There is no further indication from Owens' lawyer that Owens did not comprehend the charges against him or was unable to assist in his defense. From our review of the record and the testimony, there is not present any factor that would even tend to alert a trial court that the defendant may be incompetent to stand trial, *Via v. Commonwealth*,

522 S.W.2d 848 (1975), certainly no obvious conduct which could not fail to alert the trial court. Owens' testimony reveals that he did the best he could under the circumstances. The jury did not choose to believe him.

We infer from the record that Owens' lawyer, after his return from the examination, no longer had any complaint as to Owens' competency to stand trial and acted accordingly.

■ We are of the opinion, in the circumstances of the case, there was no duty on the part of the trial court to conduct a hearing on Owens' competency to stand trial.

The judgment is affirmed.

All concur, except LUKOWSKY, J., who dissents for the reason that he believes that the affidavit of counsel for Owens was sufficiently detailed and specific to place Owens' competency to stand trial in issue and, consequently, require the trial judge to hold a hearing in order to determine this issue without further request.