Dale Lee OWENS, Petitioner-Appellant,

v.

Dewey SOWDERS, Warden, Kentucky State Reformatory, and Robert F. Stephens, Attorney General of Kentucky, Respondents-Appellees.

No. 80–3659.

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1981.

Decided Oct. 16, 1981.

Dale Lee Owens, pro se.

Eldon L. Webb (court-appointed), Lexington, Ky., for petitioner-appellant.

Steven L. Beshear, Atty. Gen. of Ky., Elizabeth E. Blackford, Martin Glazer, Asst. Attys. Gen., Frankfort, Ky., for respondents-appellees.

Before BROWN and JONES, Circuit Judges, and NEWBLATT,* District Judge.

BAILEY BROWN, Circuit Judge.

Petitioner, Dale Lee Owens, was convicted, after a jury trial in Kentucky state court, of three counts of first-degree rape and three counts of first-degree burglary. He is presently serving sentences totaling 105 years for those crimes. Owens filed a petition in the Eastern District of Kentucky pursuant to 28 U.S.C. § 2254, alleging that

---

* Honorable Stewart A. Newblatt, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

he was denied due process when the trial court failed to conduct, *sua sponte*, a hearing to determine his competency to stand trial. Adopting the report and recommendation of the magistrate, the district court held that the record did not reveal circumstances requiring such a hearing. For the reasons expressed below, we affirm the district court.

The issue of Owens' competency was initially raised by his counsel prior to trial. Counsel moved that Owens be examined by a psychiatrist and attached an affidavit to the motion in which counsel expressed doubts concerning Owens' competency to stand trial. The trial court apparently ordered the examination, as one was conducted. Owens was admitted to the Forensic Psychiatry Division of the Kentucky Department of Mental Health on November 26, 1976. He was discharged on December 8, 1976 with a diagnosis of "Transient situational disturbance; adjustment reaction of adult life." The Clinical Director, Dr. N. S. Chaudri, reported that he found Owens to be in good physical condition. Dr. Chaudri also reported that Owens had been taking hard drugs for some time, but expressed the opinion that Owens was not psychotic. In Dr. Chaudri's opinion Owens was "competent to stand trial and aid in his defense." A copy of this report was given to Owens' counsel, but it does not appear that the trial court ever received a copy.[1] No further action was taken by defense counsel or by the trial court with respect to the competency issue.

Other indicia of possible incompetency were revealed during the trial and involve rather unusual aspects of Owens' criminality. All three rape victims were named Patricia. One victim testified that after Owens raped her he offered her his pistol and told her to shoot him. His last rape victim testified that, after the rape, Owens asked her whether she would "freak out" if he committed suicide. Receiving an affirmative answer, Owens promptly fell asleep in the victim's bed, to be awakened shortly thereafter by the arresting officers.

It was in the Kentucky appellate courts that Owens initially pressed his claim that counsel's affidavit and the rape victims' testimony required the trial court to conduct, *sua sponte*, a competency hearing. The Kentucky Supreme Court held that the record did not "present any factor that would even tend to alert a trial court that the defendant may be incompetent . . . ." *Owens v. Commonwealth*, 572 S.W.2d 415, 416 (Ky.1977). Owens then filed the instant petition in the district court, which, by adopting the report and recommendation of the magistrate, agreed with the state court's assessment of the record.

■ It is, of course, well settled that a defendant's due process rights are violated if he is subjected to a trial while incompetent. *See, e. g., Drope v. Missouri*, 420 U.S. 162, 171–72, 95 S.Ct. 896, 903–04, 43 L.Ed.2d 103 (1975). In *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam) the Supreme Court stated that the test for competency is:

> [W]hether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.

*Id., reaffirmed in Drope, supra*, at 170 n.7, 95 S.Ct. at 903 n.7. In the instant case, however, Owens does not claim that he was in fact incompetent at the time of his trial, but presses the related claim that the trial court's failure to make adequate inquiry into his competence denied him due process. *See Pate v. Robinson*, 383 U.S. 375, 388 n.1, 86 S.Ct. 836, 843 n.1, 15 L.Ed.2d 815 (1966) (Harlan, J., dissenting). More specifically, Owens contends that his counsel's affidavit and the testimony of the rape victims created a doubt concerning his competency such that the Due Process Clause of the Four-

---

1. This report was not a part of the record before the state appellate courts. Nor was this report a part of the record before the magistrate and the district court, although they were apparently made aware of its contents. Owens' appellate counsel submitted the report to this court at oral argument.

teenth Amendment required the trial court to conduct a competency hearing *sua sponte.*[2] We disagree.

Although the Supreme Court has not articulated "a general standard with respect to the nature or quantum of evidence necessary to require resort to an adequate procedure," *Drope, supra,* 420 U.S. at 172, 95 S.Ct. at 904, it has identified several relevant considerations. In *Drope, supra,* the Court noted that an expressed doubt by counsel concerning his client's competence "is unquestionably a factor which should be considered," but added that "we do not, of course, suggest that courts must accept without question a lawyer's representations concerning the competence of his client. . . ." *Id.* at 177 n.13, 95 S.Ct. at 906 n.13. In addition the Court stated that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required . . . ." *Id.* at 180, 95 S.Ct. at 908. Noting that one of the above factors standing alone might require further inquiry in some circumstances, the Court recognized that "[t]here are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed . . . ." *Id.* With the above in mind, we now turn to an examination of the applicability of these considerations to Owens' case.

■ In the instant case counsel's affidavit expressed counsel's doubts concerning his client's competency and reported that Owens mentioned suicide and complained of hallucinations to members of his family, to counsel, and to other inmates. Mention is made of "prior psychiatric records" but none were presented with the affidavit or at any subsequent time. The only other pertinent observation in the affidavit was

that counsel found Owens to be "extremely agitated" and had difficulty impressing Owens of the seriousness of his predicament. In addition to this affidavit, the rape victims' testimony is urged as indicative of incompetence. This court is of the opinion that, on the facts of this case, counsel's concern and Owens' subjective complaints did not require a competency hearing, even when considered in conjunction with the rape victims' testimony. Several considerations lead us to this result.

First, counsel made no further mention of the competency issue after receiving the psychiatrist's report. It seems highly unlikely that counsel sensitive to this issue would not have complained further had Owens been unable to understand the proceedings or participate in his defense. In this regard, the trial court could reasonably infer from counsel's silence that his doubts had been allayed, either by the report, by Owens' conduct, or by both. Second, Owens, by his own admission, was a chronic drug user. This fact alone could account for Owens' complaints in the early part of his incarceration and for his bizarre behavior during the commission of the rapes. Third, whatever questionable relevance his behavior at the time of the crimes has to his ability to cooperate with counsel and understand the proceedings is diminished somewhat by the delay between the commission of the crimes and the trial. Finally, Owens' testimony at trial does not indicate incompetence. Indeed, the other courts that have considered this testimony have concluded that Owens did the best he could in the face of overwhelming evidence. After a review of this testimony we are constrained to agree. Thus, we conclude that no due process violation occurred as a result of the trial court's failure to conduct a competency hearing *sua sponte.*

**2.** Under Kentucky law, a competency hearing must be ordered by a trial court, *sua sponte,* only if there are reasonable grounds to believe the defendant incompetent and these grounds are "so obvious that the trial court cannot fail to be aware of them." *Matthews v. Commonwealth,* 468 S.W.2d 313, 314 (Ky.1971). The Kentucky Supreme Court has determined that,

on the facts of this case, Kentucky law did not require a competency hearing. *Owens v. Commonwealth,* 572 S.W.2d 415 (Ky.1977). We are concerned here of course, only with the claim that the procedures employed in Owens' case violated his rights under the Federal Constitution.

In so holding, we note that nothing in this record even remotely approaches the showings made in *Drope, supra,* and *Robinson, supra,* in which the Supreme Court held that competency hearings should have been conducted. In *Pate,* four witnesses testified that the defendant, Robinson, had a long history of abnormal behavior, dating back to when Robinson, at age seven, was hit on the head by a brick dropped from a third floor. Robinson's episodic disturbed behavior was often characterized by violence to himself and others. Robinson had been treated for mental illness and served a prison sentence for the killing of his eighteen-month old son. In that episode, Robinson shot himself in the head, but survived. After his release from prison, he shot his common-law wife for no apparent reason. On these facts, held the Court, the trial court should have ordered, *sua sponte,* a hearing on competency. 383 U.S. at 385, 86 S.Ct. at 842. In *Drope, supra,* a psychiatric report indicated a long history of disturbed behavior, which was highlighted by extreme sexual perversion and the self-infliction of injuries. Drope, who was charged, along with several others, of gang raping his wife, attempted to strangle his wife on the eve of trial, even though her goodwill would have aided his defense, and on the first day of trial he shot himself. The Court held that these circumstances required "further inquiry" into the question of competence. 420 U.S. at 180, 95 S.Ct. at 908.

■ Turning to Owens' other claim on appeal, this court rejects his contention that the district court erred in not reviewing the entire trial transcript. Owens' testimony was a part of the record, as was counsel's affidavit. The other evidence urged as evidence of incompetency, the victims' testimony, was undisputed. No disputed fact question was before the district court such that review of the trial transcript was necessary for proper disposition of Owens' petition.

Accordingly, the judgment of the district court is AFFIRMED.

NATHANIEL R. JONES, Circuit Judge, concurring.

I agree with the conclusion of the majority that the trial court's failure to conduct a competency hearing *sua sponte* did not deprive Owens of his federal constitutional right to due process of law. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

I write separately only to emphasize my view that the better practice under the circumstances of the present case would have been for the trial court to conduct a competency hearing. When a defendant's counsel harbors doubts about his client's competency to stand trial and when the circumstances suggest an inexplicable and irrational pattern of criminality coupled with suicidal manifestations, I believe that a competency hearing becomes appropriate. The majority observed, and the point merits repetition, that the signs of incompetency are not "fixed or immutable . . . [rather] the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope v. Missouri, supra,* at 180, 95 S.Ct. at 908. Moreover, the trial court must be ever alert for indications of a change in the defendant's competency to stand trial. *Id.* at 181, 95 S.Ct. at 908; *Pate v. Smith,* 637 F.2d 1068, 1071 (6th Cir. 1981). Here, once Owens's counsel received the psychiatrist's report he did not press the competency issue. Furthermore, though the trial court was not privy to the competency report, the court had the opportunity to observe Owens's actions and demeanor and to hear Owens's testimony at trial. Under the circumstances of this case, therefore, the failure to conduct a competency hearing *sua sponte* does not rise to constitutional dimension.