785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY MELVIN HOLLAND, Petitioner-Appellant,
v.
GENE A. SCROGGY, Warden, Respondent-Appellee.
 85-5059
 United States Court of Appeals, Sixth Circuit.
 1/10/86
 
 BEFORE: ENGEL, KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appeals from an order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Petitioner claims ineffective assistance of counsel based on his trial counsel's failure to request a hearing as to his competency to stand trial. For the reasons stated below, we affirm.
 
 I.
 
 2
 Petitioner was tried for murder on June 4, 1974, in the Muhlenberg, Kentucky, County Circuit Court. During his opening statement, petitioner's counsel, Marvin Prince, stated that petitioner would rely on the defense of insanity, based on the fact that petitioner was under the influence of narcotics at the time of the offense.
 
 
 3
 Evidence at trial indicated that petitioner had a long history of drug and alcohol abuse and had consumed large quantities of alcohol on the night of the murder. Further testimony showed petitioner's I.Q. score was 78. The jury found petitioner guilty, and he was sentenced to life imprisonment. This conviction was affirmed on April 11, 1975, by the Kentucky Court of Appeals.
 
 
 4
 On March 13, 1982, petitioner filed a pro se motion to vacate and moved for an evidentiary hearing in the Muhlenberg County Circuit Court. Petitioner claimed that his trial counsel should have requested a hearing on his competence to stand trial. Petitioner based this claim on his assertion that he was under the influence of drugs during the trial. With his motion to vacate judgment, petitioner attached an affidavit of Oliver Barber, Jr., who was, at the time of the trial, staff attorney for the Forensic Psychiatric Unit and present at trial. Barber's affidavit stated that at the time of the trial petitioner 'was either incoherent, or high on drugs and incapable of assisting his attorney and [sic] his defense or standing Trial [sic] and understanding the nature and circumstances of the proceedings against him at that time.' App. at 6.
 
 
 5
 Petitioner's motion for an evidentiary hearing was granted. At the hearing Prince testified that he was at first convinced that appellant had mental problems. However, Prince testified that of the opinions of three psychiatrists and one psychologist, only one 'psychiatrist [he] . . . found . . . would say that [petitioner] was somewhere near mentally incompetent. . . .' App. at 72. Prince described petitioner's appearance at trial as follows: 'Johnny appeared to be disoriented to some extent. I wasn't certain whether he was putting on an act or whether he actually was disoriented.' App. at 74. Prince also testified that although petitioner appeared to be on something, petitioner was communicating with him, and petitioner's conversations were not greatly different from his earlier interviews.
 
 
 6
 Other testimony received both at the hearing and in depositions made part of the hearing indicated that while incarcerated petitioner received several different medications. An inmate of the penitentiary, who served as a nurse's aide, testified that he was given discretion in dispensing Thorazine or Sparine and could recall giving such medication to petitioner. However, he could not recall the year or date and testified that he did not always document when he administered the medication. The record showed no medication had been given for a substantial period before and after the trial (April 22, 1974 to July 23, 1974).
 
 
 7
 On December 9, 1982, findings of fact, conclusions of law, and an order denying petitioner's motion to vacate were entered. On January 22, 1984, the Kentucky Court of Appeals affirmed the order, and on May 23, 1984, the Kentucky Supreme Court denied discretionary review.
 
 II.
 
 8
 As noted above, the claim raised on appeal is ineffective assistance of counsel. This claim is based on the fact that petitioner's trial counsel did not request a competency hearing although several facts would indicate that he should have. As petitioner points out, '[i]t is . . . well-settled that a defendant's due process rights are violated if he is subjected to a trial while incompetent.' Owens v. Sowders, 661 F.2d 584, 585 (6th Cir. 1981) (citing Drope v. Missouri, 420 U.S. 162, 171-72, 95 S. Ct. 896, 903-904 (1975)). The issue of whether petitioner was competent to stand trial is not, however, the focus of our inquiry. Rather, we must determine only whether trial counsel's decision not to request a competency hearing deprived petitioner of his sixth amendment right to effective assistance of counsel.
 
 
 9
 In Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984), the Supreme Court set forth the following two-pronged test for determining whether a criminal defendant has been deprived of his sixth amendment right to effective assistance of counsel:
 
 
 10
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 11
 The facts presented by petitioner, viewed by themselves, do suggest that trial counsel might have been well-advised to request a competency hearing. As summarized by petitioner the following facts are relevant: '(1) [trial] counsel's initial belief in the propriety of the insanity defense; (2) [trial] counsel's admission that his client appeared to be 'disoriented' the day of trial; (3) the fact that [trial] counsel was advised by an independent source to move for a competency hearing, and (4) that [petitioner's] history of drug and alcohol abuse and related psychiatric problems were known to counsel.' Brief for Appellant at 6-7.
 
 
 12
 However, we cannot view these facts in a vacuum. Rather, '[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.' Strickland, 104 S. Ct. at 2065. In affirming the order denying petitioner's motion to vacate the judgment against him, the Kentucky Court of Appeals noted the following facts beyond those emphasized by petitioner: petitioner, during the post-conviction evidentiary hearing, testified that his attorney did the best he could under the circumstances; petitioner's attorney, while testifying that petitioner was somewhat disoriented, also testified that he was unsure whether petitioner was acting or not and in any event testified that petitioner's communications with him throughout the trial were comparable to previous conversations with petitioner; petitioner's attorney was a member of the Kentucky Bar in good standing and was the regional Public Defender when he represented petitioner; petitioner's counsel handled the case in a most effective manner; petitioner's counsel, in preparation for trial, consulted several psychiatrists with regard to appellant's mental competence; there was no medical testimony indicating petitioner's inability to comprehend the trial proceedings; and petitioner recalled the fact that he was sentenced immediately after receipt of the verdict against him.
 
 
 13
 In a collateral attack, findings of fact are, of course, accorded a strong presumption of correctness. 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 449 U.S. 539, 101 S. Ct. 764 (1981); see also Strickland, 104 S. Ct. at 2070. Moreover, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ..' Strickland, 104 S. Ct. at 2066. Viewing the instant case in light of these presumptions, it cannot be said that petitioner has carried his burden to 'show counsel's performance was deficient.'
 
 III.
 
 14
 The judgment of the district court denying the petition for a writ of habeas corpus is AFFIRMED.