865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TAUBEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3288.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Tauben moves the court to dismiss his appeal from the district court's judgment denying his motion to vacate, set aside or correct his sentence filed under 28 U.S.C. Sec. 2255. The motion and appeal have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his motion to vacate his sentence, Tauben claimed that his drug related convictions, as well as his sentences, were illegally imposed because he was suffering from a sleeping disorder which rendered him incompetent to understand the nature of the proceedings or to converse rationally with his attorney throughout the proceedings. Due to the disorder, Tauben complained that the trial court was required yet failed to conduct a competency hearing.
 
 
 3
 Initially, we note that Tauben's motion to dismiss must be denied. He in essence seeks to have the court vacate the district court's judgment entered on the merits so he can avoid the preclusive effect of the judgment and start afresh with a new Sec. 2255 motion to vacate supplemented with a new memorandum of law showing that he is indeed suffering from a sleeping disorder. The extraordinary circumstances needed to vacate a district court judgment, however, are not present in this case.
 
 
 4
 Upon review of this case in its present posture, we conclude the district court properly denied Tauben's Sec. 2255 motion to vacate as the trial proceedings appear to have been fundamentally fair, so Tauben was not entitled to a competency hearing. See Williams v. Bordenkircher, 696 F.2d 464 (6th Cir.1983); Owens v. Sowders, 661 F.2d 584 (6th Cir.1981); Pate v. Smith, 637 F.2d 1068 (6th Cir.1981). It also appears that Tauben was competent during his criminal proceedings particularly during his sentencing hearing when he personally addressed the court and demonstrated a rational and factual understanding of the nature of the proceedings. See Owens, 661 F.2d at 585; Pate, 637 F.2d at 1070.
 
 
 5
 Accordingly, we hereby deny Tauben's motion to dismiss and affirm the district court's judgment. Rule 9(b)(5), Rules of the Sixth Circuit.