United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10105
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

HENRY GENE LAFFOON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-128-ALL-A
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Henry Gene Laffoon appeals the sentences imposed following his guilty-plea conviction for one count of aiding and abetting bank robbery and two counts of possession of a firearm during and in relation to a crime of violence.  The district court sentenced Laffoon to 71 months of imprisonment on the bank-robbery conviction and to the statutory minimum sentence of 384 months (32 years) of imprisonment on the firearms convictions.  See 18 U.S.C. §§ 924(c)(1)(A)(i), 2113(a).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Laffoon argues that the mandatory minimum sentences imposed on his firearms convictions violate the Eighth Amendment's prohibition against cruel and unusual punishment because they fail to take into account his mental retardation. Citing Atkins v. Virginia, 536 U.S. 304 (2002), which held that the Eighth Amendment protects against the execution of mentally retarded defendants, he argues that the Supreme Court has recognized that persons with reduced mental capabilities do not act with the same level of moral culpability as other offenders. He argues that the mandatory minimums set forth in § 924(c) are unconstitutional because they fail to account for the lesser culpability of the mentally retarded. He makes no other challenge to his sentence. We review the constitutionality of a federal statute de novo. United States v. Rasco, 123 F.3d 222, 226 (5th Cir. 1997).

With the exception of a capital sentence, the imposition of a mandatory sentence without consideration of mitigating factors does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991). As the Supreme Court has continually recognized a distinction between capital and noncapital sentences, see Harmelin, 501 U.S. at 995, Laffoon's reliance on Atkins to extend its rationale to noncapital cases is unavailing. The judgment of the district court is AFFIRMED.