NOT RECOMMENDED FOR PUBLICATION

File Name: 06a0801n.06

Filed: November 1, 2006

No. 05-5412

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JUANWANSA TUCKER, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| **Defendant-Appellant** | ) | |
| | ) | |
| | ) | |

BEFORE:    Merritt and Batchelder, Circuit Judges; and Gwin,[*] District Judge

**MERRITT, Circuit Judge.** Defendant Juanwansa Tucker pleaded guilty to three counts of possessing and distributing crack cocaine and received a sentence of 10 years. He appeals the District Court proceedings on the grounds that the court erred by: 1) refusing to hold a competency hearing; 2) finding Tucker competent and 3) unconstitutionally imposing a mandatory minimum sentence on a mentally retarded defendant. For the reasons explained below, the judgment of the District Court is affirmed.

### I. Background

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

On two occasions in the first week of July 2004, a confidential informant of the Covington (Kentucky) Safe Streets Task Force purchased crack cocaine from the defendant, Juanwansa Tucker. On July 28, 2004, the task force executed a search warrant on Tucker's residence and seized more than 11 grams of crack cocaine. A grand jury subsequently charged Tucker with two counts of distributing cocaine base and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

Tucker appeared in federal court for an initial appearance on July 29, 2004, before Judge David L. Bunning and a preliminary examination on August 2, 2004, before Magistrate Judge J. Gregory Wehrman. Darrell Cox, an attorney who had previously represented Tucker in unrelated civil matters, appeared as the defendant's counsel on both occasions, but did not raise any questions about Tucker's competency. Tucker cooperated fully at both court appearances; there were no indications the he was having any difficulty following the proceedings. At the conclusion of the preliminary examination, Mr. Cox informed the court that Tucker was financially unable to retain him and moved that counsel be appointed. The court granted Cox's motion to withdraw and appointed Michael Westling to represent Tucker.

Tucker was arraigned on August 19, 2004, by Judge Wehrman. When questioned by the court, Tucker claimed not to understand the charges against him. After an extended colloquy with Westling, the court concluded that Tucker was "playing games." Judge Wehrman noted that Tucker was "cognitive" and "lucid" and entered a not guilty plea on Tucker's behalf. Following the arraignment, Westling filed a brief one-page motion (without a supporting brief) for a competency hearing.

On September 23, 2004, Judge Wehrman considered Tucker's motion. At the hearing, Westling candidly admitted that he believed Tucker was competent to stand trial, but brought the issue before the court because Tucker had been treated in a mental institution as a juvenile, was receiving Social Security disability benefits when arrested and might be depressed. Judge Wehrman declined to hold a competency hearing, concluding that Westling's statements, the pretrial services report and his observations during court proceedings provided a sufficient basis to conclude Tucker was competent to stand trial. Tucker declined an opportunity to address the court directly, but acknowledged that he was "following everything."

On October 19, 2004, Tucker requested new counsel and the district court appointed Gary Sergent. A status conference was held on November 10, and Sergent told the court that Tucker wished to proceed to trial. Sergent did not raise any issues regarding Tucker's competency. After the status hearing, Tucker apparently changed his mind regarding his plea and moved for rearraignment. On December 1, 2004, Judge William O. Bertlesman convened the rearraignment and questioned Tucker extensively. Tucker informed the court that he had completed nine years of school, could speak and understand English, understood the present proceedings, had discussed the indictment with counsel and understood the charges against him. Judge Bertlesman reviewed the sentencing guidelines and advised Tucker that he would be waiving his rights by pleading guilty. Tucker then pled guilty to the three counts in the indictment. Judge Bertlesman found that Tucker was competent to enter the plea and understood the nature of the charges and possible penalties. Once again, defense counsel did not raise any issue regarding Tucker's competency.

At the sentencing hearing in March 2005, Sergent questioned Tucker's competency. Specifically, Sergent objected to consideration of Tucker's previous drug convictions on the grounds that he was not competent at the time. He did not move to withdraw the guilty plea or ask for a formal evaluation of competency. Judge Bertlesman denied the request because there was nothing in the record to substantiate the need for a competency hearing. He went on to note that Tucker had appeared before him a few times and seemed "more on the intelligent side" than possibly being incompetent. Tucker declined an opportunity to address the court and Judge Bertlesman sentenced him to 92 months on the two distribution charges and 120 months on the possession charge, the statutory minimum. All sentences are to run concurrently.

## II. Analysis

### A. Failure to hold competency hearing

The district court's decision not to order a competency hearing is supported by the record. A court should grant a defense motion to hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). An appellate court reviews a claim that the district court erred by not conducting a competency hearing by determining whether a reasonable judge should have had substantial doubt of the defendant's competency. *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983).

In deciding whether or not to hold a competency hearing, a court may consider all of the information before it. As the Supreme Court has noted, "there are no fixed or immutable signs

which invariable indicate the need for further inquiry." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). An attorney's opinion about his client's competency is one factor a court can consider. *Owens v. Sowders*, 661 F.2d 684, 586 (6th Cir. 1981).

In this case, three separate attorneys represented Tucker and none of them expressed personal concern about Tucker's competence. All three represented Tucker without ever once notifying the court of difficulty in communicating with their client. On the one occasion Tucker's counsel did move for a competency determination, Mr. Westling made clear to the court that he did not subjectively believe his client was incompetent. Further, Tucker appeared before three different judges and, with one exception, his interactions with the court showed him to be, in the words of Judge Bertlesman, "one sharp cookie."

Tucker's counsel point to his apparent inability to understand the charges against him during his initial arraignment and his prior psychological evaluations as evidence that a reasonable judge would have had substantial doubt about Tucker's competency. In light of the other evidence, these facts are unavailing.

First, the transcript from Tucker's arraignment supports Judge Wehrman's conclusion that Tucker understood the proceedings and his apparent lack of understanding was better characterized as "playing games" with the court. At the arraignment, Tucker's counsel, Mr. Westling, informed the court that he had visited Tucker the previous day and reviewed the indictment; during that conversation, Mr. Tucker decided to plead not guilty. As Tucker continued asserting that he did not understand the charges against him, Judge Wehrman attempted to explain his options in the clearest way possible, "[B]asically you're charged in count one with knowingly and intentionally distributing

three grams of crack cocaine. That's very simple. You understand that, don't you?" When Tucker

answered in the negative, the court enquired further, "What don't you understand?" Tucker replied,

"I don't understand none of it, sir."

Tucker's intransigence at this hearing stands in stark contrast to his demeanor and apparent

level of understanding in other court appearances. At his rearraignment, the court asked Tucker if

he understood each of the charges against him, and Tucker responded affirmatively three times. The

court also asked Tucker if he had sold crack cocaine as alleged in the indictment and he answered,

"Yes, I did." Tucker also indicated that he understood that by pleading guilty, he faced a mandatory

minimum sentence of 120 months in prison. Tucker's demeanor and participation at his

rearraignment is consistent with his conduct in all of his court appearances except for the

arraignment colloquy he highlights on appeal. This stark contrast supports Judge Wehrman's

conclusion that Tucker was "playing games" at his arraignment.

Tucker also overstates the persuasiveness of his mental health records. The records show that

Tucker is of "marginal intelligence" in the words of the sentencing court, but do not, on their own,

demonstrate that the trial court erred by refusing to order a competency hearing. As noted

previously, courts may consider a wide range of factors in assessing competency. Here, the court

was right to consider its own observations of Tucker and Tucker's lawyers' expressions of

confidence in his competency in assessing the need for a competency hearing. While the mental

health records indicate that Tucker has a limited intellect, they do not, in the face of the contrary

evidence, mandate an evidentiary hearing to examine the defendant's competence.

**B. Competency Finding**

The district court did not err in finding Tucker competent to stand trial. This court reviews a determination of competence that is based on the "district court's choice between conflicting evidence" for clear error. *United States v. Ford*, 184 F.3d 566, 581 (6th Cir. 1999). The record demonstrates that Tucker understood the nature of the proceedings against him and was able to work with his attorneys in preparing a defense. It is important to note that Tucker was represented by three separate attorneys while this matter was pending and none expressed doubt in his competence before he pled guilty. At sentencing, Tucker's counsel attempted to argue that his limited capacity mitigated against considering his earlier convictions in assessing punishment, but this is not analogous to questioning his competence. Given all of the evidence before it, the district court did not err in finding Tucker competent to stand trial.

### C. Constitutional challenge to mandatory minimum sentence

Imposing a mandatory minimum sentence on a defendant with limited mental capabilities does not violate the Eighth Amendment ban against cruel and unusual punishment. Tucker relies on the Supreme Court decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), to argue that imposing a mandatory minimum sentence on a mentally retarded individual is unconstitutional. This reliance is misplaced; the holding in *Atkins* specifically addressed "whether the death penalty should ever be imposed on a mentally retarded criminal." 536 U.S. at 307. As such, it does not address the present issue. *See United States v. Laffoon*, No. 05-10105, 2005 U.S. App. LEXIS 18516 (5th Cir. Aug. 25, 2005) ("With the exception of a capital sentence, the imposition of a mandatory minimum sentence without consideration of mitigating factors does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.").

For the foregoing reasons, we affirm the judgment of the district court.