NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0562n.06

No. 18-5677

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 06, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| TAVO SIMMONS, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

BEFORE: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Tavo Simmons seeks to vacate his conviction under 21 U.S.C. § 846, entered after he pled guilty to conspiracy to distribute over 500 grams of cocaine. We hold that (1) the district court did not clearly err in declaring Simmons competent; and (2) the district court did not abuse its discretion in denying his motion to withdraw his guilty plea. We therefore **AFFIRM**.[1]

**I.**

Tavo Simmons was arrested in August 2017 in Florence, Kentucky. Agents from the U.S. Drug Enforcement Administration ("DEA") received a tip that a group of individuals staying at a hotel in Florence was transporting heroin. Upon arriving at the hotel, undercover DEA agents saw a white Volvo semi-truck parked in the side parking lot. Later, the agents observed Simmons and

---

[1] Simmons forfeited his argument that his conviction should be vacated for lack of an allegedly insufficient factual basis for the guilty plea. As explained below, Simmons did not develop this argument and presented it only in a heading.

co-defendant Jason Renfro exit the side door of the hotel and walk toward the semi-truck. Both men entered the truck and when they emerged, Simmons was wearing a backpack. As the men began walking back into the hotel, the agents approached and asked them to stop. Renfro complied and Simmons attempted to flee, but he did not get far before he was caught and arrested. During his flight, Simmons had discarded the backpack on the ground. The backpack contained slightly less than one kilogram of cocaine. Another package with approximately the same amount of the drug was stowed underneath the lower bunk in the sleeper cab of the semi-truck.

After their arrest, Simmons and Renfro were indicted by a grand jury and charged with conspiracy to distribute and possess with intent to distribute over 500 grams of cocaine and over 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. At his arraignment, Simmons acknowledged that he understood what he was being accused of, and he pled not guilty.

At the final pretrial conference, and because of a pro se filing submitted five days before, doubts arose about Simmons's competency. The district court said of Simmons's pro se filing, "I received kind of a rambling, multi-page document from Mr. Simmons. I really don't know what to make of this." (R. 96 at PageID 550). At the pretrial conference, the district court attempted to address Simmons's competency with his attorney, but Simmons wanted to speak on his own behalf. The court tried to discourage Simmons from doing so, to no avail. Simmons interjected, "She [i.e., Simmons's attorney] can only represent the trust. She can only represent the trust. She can only represent the (indiscernible) trust. She can't represent me. I'm a third-party intervenor. I'm not a corporation." (*Id.* at PageID 551). When the district court advised him that he was "actually a defendant in this action," Simmons disagreed by saying, "I'm not a defendant in this action. . . . You have the defendant. The defendant is in your property. I don't have the defendant. I am not a defendant." (*Id.*). Simmons continued, arguing that "[t]here was no crime," and

2

challenging the district court's jurisdiction, alleging that there was no "injured party." (*Id.* at PageID 552, 561).

Based on Simmons's oral and written representations, the district court ordered a competency evaluation. The district court judge explained:

> You need to understand, as a matter of process, the proceedings against you, what your lawyer's supposed to be doing for you. If you refer to yourself as the third-party intervenor and don't recognize yourself as a defendant, I think it probably is incumbent on the Court to have you evaluated for competency.

(*Id.* at PageID 566). Simmons was transported to the Federal Medical Center ("FMC") at Lexington, Kentucky for evaluation. He was examined by Dr. Judith (Betsy) Campbell, a forensic psychologist, from December 5, 2017 through January 19, 2018. In her report, she noted that while Simmons refused to submit to psychological testing, his answers to written questions and their observations of him during the evaluation were sufficient for a diagnosis and competency finding. Dr. Campbell opined that Simmons suffers from an unspecified personality disorder, but she nevertheless concluded that he had a "thorough understanding of the proceedings" and "sufficient present ability to consult with his attorney regarding the charges against him if he so chooses." (R. 46 at PageID 197–99). Dr. Campbell recommended that Simmons was competent to stand trial.

The district court then held a competency hearing. Simmons's lawyer agreed with Dr. Campbell's opinion that Simmons was competent to proceed, and Simmons offered no evidence to the contrary. Simmons did, however, interject during the proceedings. He claimed not to understand "anything about these proceedings," and rambled, "Who is the defendant?" and "Who

is Mr. Simmons?" (R. 97 at PageID 581–82). The district court found Simmons competent to proceed:

> I do find, after reviewing the report, and in conjunction with [Simmons's counsel's] statement, that the defendant is not presently suffering from any mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and/or to properly assist in his defense. So the Court finds him to be competent.

(*Id.*).

Approximately one month later, Simmons pled guilty at his rearraignment to conspiracy to distribute over 500 grams of cocaine. During the plea, Simmons's newly-appointed attorney described Simmons as competent, telling the court "[h]e's sharp as a razor blade." (R. 68 at PageID 365). The court agreed, finding Simmons "competent and capable of entering an informed plea." (*Id.* at PageID 387).

Forty-six days after he pled guilty, Simmons filed a motion to set aside his guilty plea and vacate his conviction. After briefing from both sides and a hearing, the district court issued an order denying Simmons's motion to withdraw his plea. Simmons filed a timely notice of appeal.

## II.

On appeal, Simmons advances two alleged errors on the district court's part: (1) that the district court clearly erred in finding Simmons competent; and (2) that the district court abused its discretion in denying his motion to withdraw his guilty plea. Simmons also mentions in passing, without making any supporting argument, that there was an insufficient factual basis for the guilty plea under Rule 11(b)(3) of the Federal Rules of Criminal Procedure. Simmons asks this court to vacate his conviction. We address Simmons's arguments in turn.

**A. Challenge to the Competency Determination**

We review a district court's competency determination for clear error. *United States v. Sturgill*, 761 F. App'x 578, 581 (6th Cir. 2019) (citing *United States v. Branham*, 97 F.3d 835, 855 (6th Cir. 1996)). A factual finding such as a competency determination "will be deemed clearly erroneous only where it is against the clear weight of the evidence or when upon review of the evidence, the appellate court is left with the definite and firm conviction that a mistake has been committed." *United States v. Grubbs*, 773 F.3d 726, 731 (6th Cir. 2014) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 641 (6th Cir. 2001)).

A criminal defendant is "incompetent if he lacks 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or if he does not have 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)); *see also Godinez v. Moran*, 509 U.S. 389, 396–99 (1993) (holding that the trial competency standard applies to guilty pleas). In applying this standard, we have noted that "even if [the defendant is] mentally ill, '[i]t does not follow that because a person is mentally ill he is not competent to stand trial.'" *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (quoting *Newfield v. United States*, 565 F.2d 203, 206 (2d Cir. 1977)); *see also Miller*, 531 F.3d at 350 ("[T]he bar for incompetency is high"). Nor is a defendant "rendered incompetent . . . merely because he cannot get along with his counsel or disapproves of his attorney's performance." *Miller*, 531 F.3d at 349. And, in cases where a criminal defendant submits pro se filings, "the mere fact that [he] espouses a far-fetched, or even bizarre, legal-defense theory is insufficient to clear the high hurdle for incompetency." *United States v. Dubrule*, 822 F.3d 866, 876 (6th Cir. 2016) (alteration in original) (quoting *United States v. Davis*, 515 F. App'x 486, 493 (6th Cir. 2013)).

Simmons argues that the district court erred in relying on Dr. Campbell's report in finding him competent, and he claims that it should have instead "act[ed] based on what it observed." (Appellant's Br. at 24). Simmons points out that the district court questioned his competency multiple times and during multiple hearings. (*Id.* at 22–24). For instance, during the final pretrial conference, the district court noted, "I received kind of a rambling, multi-page document from Mr. Simmons. I really don't know what to make of this." (R. 96 at PageID 550). At the same hearing, Simmons revealed his belief that he is a "third-party intervenor." (*Id.* at PageID 551). At the competency hearing, the court told Simmons, "I'm going to have to go through a number of factors for you. I'm sure you'll answer I don't understand, I don't understand, I don't understand." (R. 97 at PageID 591). Later in that hearing, the court observed, "I'm asking simple questions, very simple questions, and you're just refusing to answer. I think you do understand." (*Id.* at PageID 607). Simmons argues that the court's exclusive reliance on Dr. Campbell's report, in the face of all this evidence of erratic in-court behavior, was clear error.

On review of the record, we cannot say that the district court's competency finding was clearly erroneous. When doubts arose about Simmons's competency, the district court sua sponte ordered an evaluation. Though Simmons refused to participate in any psychological testing, his answers to written questions and medical observations of him were sufficient for a diagnosis and a competency finding. Dr. Campbell opined that Simmons had a "thorough understanding of the proceedings" and "sufficient present ability to consult with his attorney regarding the charges against him if he so chooses." (R. 46 PageID 197–99). Dr. Campbell further opined that Simmons "understands the Court proceedings, the roles of various participants, and his status as a criminal defendant charged with a Federal crime." (*Id.* at 197). Dr. Campbell ultimately concluded that Simmons was competent to stand trial. During the competency hearing, defense counsel agreed

with Dr. Campbell's report, stating, "We would agree that he is competent. We would agree with the evaluation and the finding." (R. 97 at PageID 580–81). Indeed, defense counsel offered no evidence to contradict Dr. Campbell's report. Based on this report and defense counsel's failure to introduce any contrary evidence, the district court found Simmons competent.

This finding was entirely proper. Dr. Campbell's report was the only evidence before the court on the issue of competency, and therefore, the district court did not err in relying on it, particularly since Simmons' attorney expressly agreed with the report and failed to produce any contrary evidence. *See United States v. Murphy*, 107 F.3d 1199, 1203 (6th Cir. 1997) (affirming a competency finding when "[t]he only psychiatric evaluation that was conducted concluded that defendant was competent to stand trial"); *United States v. McCarty*, 628 F.3d 284, 294 n.1 (6th Cir. 2010) (citation omitted) (affirming a competency finding when defense counsel told the district court, "[defendant] and I have talked pretty extensively," and "I don't think there's a competency issue"); *United States v. Tucker*, 204 F. App'x 518, 521 (6th Cir. 2006) (affirming a competency finding when "none" of the defense attorneys "expressed doubt in [defendant's] competence before he pled guilty").

To the extent Simmons argues that the court should have placed more weight on its observations of his in-court behavior, his argument is belied by his conduct at his rearraignment, which took place just over one month after the competency hearing. During his guilty plea at rearraignment, Simmons had no difficulty understanding or answering the court's questions and he engaged appropriately with the court and his counsel. Defense counsel opined that Simmons was competent, noting that he is "sharp as a razor blade." (R. 68 at PageID 365). Simmons acknowledged that he had previously pled guilty in federal court in 2009 to a cocaine conspiracy charge and served time for that offense in federal custody. When asked if he understood he was

facing a ten-year minimum mandatory sentence as a result of the cocaine quantity and his prior felony drug conviction, Simmons responded, "We've discussed it, yeah. We're good with that. . . . I'm good with that." (*Id.* at PageID 369). In fact, during the extensive plea colloquy with the court, Simmons was very straightforward, saying "gotcha" several times, indicating his knowledge of everything the Court asked him. (*Id.* at PageID 364–65, 372). In light of Simmons's demonstration of his competency at his rearraignment, Dr. Campbell's report, defense counsel's admission that he believed Simmons was competent, and the lack of any contrary evidence, we cannot say that the district court clearly erred in finding Simmons competent. *See United States v. Eapmon*, 758 F. App'x 370, 375 (6th Cir. 2018) (affirming a competency finding when the psychologist's report indicated that defendant was competent, defense counsel presented no evidence that contradicted the psychologist's report, and defense counsel admitted during the plea hearing that he believed defendant was competent).

## B. Motion to Withdraw the Guilty Plea

Simmons also argues that the district court should have permitted him to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (citation omitted). A district court abuses its discretion where "it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir. 1998)).

A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This rule is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical

decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (internal quotation marks and citation omitted). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (citation omitted). That is so because the "withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id.* (citation omitted). A defendant bears the burden of proving that he or she is entitled to withdraw the guilty plea. *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (citing *United States v. Stephens*, 906 F.2d 251, 252 (6th Cir. 1990)).

This Court considers several factors to determine whether a defendant meets the burden of proving that a withdrawal of a guilty plea is for a fair and just reason, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). These factors represent "a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

Evaluating each of the *Bashara* factors, we conclude that the balance overwhelmingly favors denying a motion to withdraw a plea in these circumstances.

*1. Length of delay.* Simmons waited forty-six days before attempting to withdraw his plea. We have consistently found similar delays to be excessive. *See United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (thirty-six days); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five days); *Baez*, 87 F.3d at 808 (sixty-seven days). This factor weighs against withdrawal.

*2. Reason for failing to move for withdrawal earlier.* Simmons claims that his personality disorder and "consistent irresponsibility" provide valid reasons as to why he failed to file the motion to withdraw his plea sooner. (Appellant's Br. at 29). This is essentially a restatement of Simmons's earlier argument that the district court's competency finding was clearly erroneous. As explained above, the district court did not err in declaring Simmons competent to enter a guilty plea. Thus, this factor also weighs against withdrawal. *See United States v. Wilson*, 402 F. App'x 69, 77 (6th Cir. 2010) ("Although the competency issue and the withdrawal-of-plea issue present distinct legal questions, the . . . rejecti[on of defendant]'s incompetency claim undermines the basis of [defendant]'s withdrawal argument.").

*3. Innocence.* Simmons asserts that he has maintained his innocence, even during his rearraignment where he pled guilty. (Appellant's Br. at 29–31). The elements of a conspiracy to distribute cocaine under 21 U.S.C. §§ 841 and 846 are: "(1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Gunter*, 551 F.3d 472, 482 (6th Cir. 2009) (citing *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999)). Simmons appears to argue that the second element is lacking—that he lacked the knowledge of and intent to join the conspiracy. Specifically, Simmons argues that he has consistently maintained he did not know what was in the backpack, which he claims was owned

by Powers, until he looked inside it when DEA agents were approaching him. At his rearraignment, Simmons recounted his side of the story:

> And he walked up on us, and we didn't believe he was an agent. And then I seen his badge. And he was like, What you got in the bag? I said, I don't know. . . . So I opened the bag up to see what was in it, and I felt it, and I looked, and immediately I know it was a kilo of cocaine. And then after that, I just panicked and ran.

(R. 68 at PageID 382). Later during the rearraignment, Simmons reaffirmed his assertion that he did not know what was in the backpack when he first went out to the truck. The district court asked Simmons, "Did you, in fact, conspire with Powers to distribute the cocaine[?]" (*Id.* at PageID 383). Simmons responded, "No. I was just getting his bag for him. I didn't even come out here for that." (*Id.*). Shortly after that, Simmons again said that he felt the drugs and panicked only "after looking in the bag." (*Id.* at PageID 385). And, when the court asked Simmons whether he knew there was cocaine in the bag prior to dropping it and running, Simmons replied, "No." (*Id.* at PageID 385–86).

Other colloquies at the rearraignment suggest that Simmons did have knowledge of and intent to join the conspiracy. Simmons admitted that he knew that Powers sold cocaine and other drugs and that he had picked up money for Powers "a couple of times." (*Id.* at PageID 383–34). At one point, the district court asked Simmons, "On [the day that you allegedly retrieved the backpack filled with cocaine for Powers,] were you doing what [Powers] told you to do?" (*Id.* at PageID 384). Simmons replied, "Yeah." (*Id.*). Defense counsel then chimed in, "I think that the spoke and the wheel concept, he was one of the spokes for that day, and I told him that it doesn't take much to be involved in a conspiracy." (*Id.*). Simmons then replied, "Yeah." (*Id.*). Later, the district court asked Simmons, "I think there is a sufficient factual basis for the plea. Do you

11

agree?" (*Id.* at PageID 387). Simmons responded, "Yeah." (*Id.*). Defense counsel then stated, "I totally agree, Your Honor." (*Id.*).

Because the record shows some wavering from Simmons, and because Simmons and defense counsel both admitted on the record that there was a sufficient factual basis for the plea, we cannot agree with Simmons that he has consistently maintained his innocence. *See United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (quoting *Baez*, 87 F.3d at 809) (holding that a defendant must give "vigorous and repeated protestations of innocence" to support a motion to withdraw a guilty plea).

*4. Circumstances underlying entry of guilty plea.* The circumstances surrounding the guilty plea were entirely proper. After placing Simmons under oath, the district court carefully discussed Simmons's options with him, including his rights to proceed with a trial in lieu of a guilty plea. The court took great care in questioning Simmons regarding his decision to enter a guilty plea and made sure he understood the possible consequences of the plea, including the minimum mandatory statutory penalty of ten years. Simmons also expressed satisfaction with his advice of counsel. This factor weighs heavily against withdrawal. *See Ellis*, 470 F.3d at 285 (weighing this factor against defendant when he was advised of the consequences of his guilty plea and affirmed that he was satisfied with his lawyer's representation).

*5. Defendant's nature and background.* Simmons asserts that his personality disorder should cause this factor to weigh in his favor. (Appellant's Br. at 32). But, the district court declared Simmons competent to enter a guilty plea, and, as discussed above, did not err in doing so. Thus, his argument fails. *See Wilson*, 402 F. App'x at 77.

*6. Defendant's prior experience with criminal justice system.* Simmons has many prior experiences with the criminal justice system, including a prior federal drug charge in Pittsburgh to

which he pled guilty. This factor also weighs against withdrawal. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (weighing this factor against defendant when he had several prior experiences with the criminal justice system, including two prior felony drug convictions).

*7. Prejudice to government if plea withdrawn.* The government need not establish prejudice here, because Simmons has failed to show cause to withdraw the plea. *Spencer*, 836 F.2d at 240.

## C. Challenge to the Sufficiency of the Factual Basis of the Guilty Plea

Finally, Simmons mentions in passing, for the first time on appeal, that the district court erred in accepting his guilty plea, because the plea lacked a factual basis as required by Rule 11(b)(3) of the Federal Rules of Criminal Procedure. (Appellant's Br. at 29). Where, as here, a defendant fails to raise an objection in the district court, this Court reviews a district court's determination that a guilty plea has a sufficient factual basis for plain error. *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007). To establish plain error, a defendant must demonstrate:

> (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998) (citing *Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Thomas*, 11 F.3d 620, 629–30 (6th Cir. 1993)). And to obtain relief for an unpreserved Rule 11 violation, "a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

Simmons has failed to demonstrate any of these things in his brief. Indeed, he has not discussed any of the factors he must show, nor has he even mentioned Rule 11(b)(3). Instead, he has merely stated in his argument heading that the "circumstances of the plea reveal an insufficient factual basis to support the plea." (Appellant's Br. at 29). It appears that his argument heading is part of his request to withdraw his guilty plea under Rule 11(d)(2)(B). Because Simmons has failed to develop any argument that his guilty plea should be withdrawn under Rule 11(b)(3), he has forfeited any such argument. *See United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forefeited]. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.